

FILED _____
ENTERED _____     RECEIVED _____
                    SERVED ON
        COUNSEL/PARTIES OF RECORD

JUN 2 5 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____
                        DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**



JAMES PRESTRIDGE,            )
                             )
            Plaintiff,       )         3:12-cv-00638-LRH-VPC
                             )
vs.                          )
                             )         **ORDER**
RENEE BAKER, *et al.*,       )
                             )
            Defendants.      )
_____/

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. By order filed May 9, 2013, this Court entered a screening order, which dismissed the complaint with prejudice for failure to state a claim. (ECF No. 5). Judgment was entered on May 9, 2013. (ECF No. 6). Plaintiff filed a notice of appeal on May 20, 2013, appealing this Court's screening order of May 9, 2013. (ECF No. 11). Four days later, on May 24, 2013, plaintiff filed a motion for reconsideration of this Court's screening order (ECF No. 14). On May 30, 2013, the Court of Appeals for the Ninth Circuit filed an order holding the appellate proceedings in abeyance pending the district court's resolution of plaintiff's May 24, 2013 motion, pursuant to Fed. R. App. P. 4(a)(4). Therefore, this Court now rules on plaintiff's May 24, 2013 motion for reconsideration.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9ᵗʰ Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9ᵗʰ Cir. 1987).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Herbst v. Cook*, 260 F.3d 1039, 1044 (9ᵗʰ Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9ᵗʰ Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9ᵗʰ Cir. 2003).

In the instant case, the original complaint was signed and verified by plaintiff on November 28, 2012, and was received by this Court on December 3, 2012.  (ECF No. 1-1, at p. 15).  The Court

2

1 | entered a screening order on May 9, 2013, finding that the original complaint failed to state a claim
2 | and that it was not possible for plaintiff to amend his pleadings to state a viable claim for relief.
3 | (ECF No. 5). In the original complaint, plaintiff alleged unconstitutional conditions of confinement
4 | of Level 2 custody inmates at Ely State Prison. At that time, plaintiff alleged that he was classified
5 | as a Level 3 custody inmate confined to the administrative segregation unit at Ely State Prison. In
6 | the screening order of May 9, 2013, this Court ruled that because plaintiff's allegations concerned an
7 | entirely different segment of the prison population, he failed to state a cognizable claim for relief.
8 | (ECF No. 5, at pp. 3-4). The Court dismissed the complaint with prejudice, as amendment would be
9 | futile. (*Id.*, at p. 5). Judgment was entered the same date. (ECF No. 6).
10 | On May 10, 2013, plaintiff filed a motion to amend his complaint with an attached proposed
11 | amended complaint. (ECF Nos. 9 & 9-1). The amended complaint had been signed and verified by
12 | plaintiff on May 6, 2013. (ECF No. 9-1, at pp. 21, 22). Plaintiff's amended complaint indicates that
13 | plaintiff's classification and housing status have changed to Level 2 and thus are now different from
14 | what plaintiff had alleged in the original complaint. Because plaintiff's amended complaint relies on
15 | new evidence and new conditions of confinement that void the conclusions reached in the screening
16 | order, plaintiff's motion for reconsideration is granted. The screening order dismissing this action
17 | and the judgment shall be vacated. Further order on the amended complaint will be issued in due
18 | course.
19 | **IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF No. 14)
20 | is **GRANTED.** The screening order (ECF No. 5) and the judgment (ECF No. 6) of May 9, 2013 are
21 | **HEREBY VACATED.**
22 | **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL TRANSMIT** a copy of this
23 | order to the Ninth Circuit Court of Appeals.
24 | Dated this __25__ day of June, 2013.
25 |
26 | UNITED STATES DISTRICT JUDGE

3